UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER A. GEIER,<br><br>    Plaintiff,<br><br>    v.<br><br>RON DAVIS, et al.,<br><br>    Defendants. | Case No. 16-cv-01980-JSC<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS; GRANTING LEAVE TO AMEND**<br><br>Re: Dkt. No. 14 |

## INTRODUCTION

Plaintiff, a California prisoner at San Quentin State Prison ("SQSP"), filed this pro se civil rights action under 42 U.S.C. § 1983 complaining that his legal mail was opened outside of his presence on three occasions. He names Warden Ron Davis and A. Lile, a mailroom supervisor, as defendants. He also lists unnamed SQSP mailroom staff as defendants. Lile and Davis (hereinafter "Defendants") have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff has filed an opposition, and Defendants have filed a reply brief. For the reasons discussed below, the motion to dismiss is GRANTED IN PART, and Plaintiff is given leave to file an amended complaint naming the unnamed defendants.

## DISCUSSION

I.   Standard of Review

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not

whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the Court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

II.   Analysis

Plaintiff alleges in his complaint that unnamed SQSP mailroom staff opened his mail from

the Marin County Supreme Court regarding his criminal case outside of his presence on October 9, 2014. He also alleges that on November 12, 2014, and on June 18, 2015, unnamed SQSP mailroom staff opened and read mail from his attorney, also outside of Plaintiff's presence and also about his criminal case. Plaintiff alleges that he filed administrative grievances about this conduct, which grievances were reviewed by Defendants Lile and Davis who did not correct the problem. The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and found these allegations, when liberally construed, stated cognizable a claim for the violation of Plaintiff's First Amendment right to access to the courts.[1] *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (citing *Laird v. Tatum*, 408 U.S. 1, 11 (1972)) (the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government).

### A. The First Amendment Claim

Defendants have shown that mail from courts to a prisoner may be opened and read by prison officials outside of the prisoner's presence without violating his First Amendment rights. *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (prison officials may open and inspect mail to prisoner from courts outside prisoner's presence because mail from courts is public). Therefore, Plaintiff's claim that Defendants violated his First Amendment rights when they opened and read his mail from Marin County Superior Court does not state a cognizable claim for relief under 42 U.S.C. § 1983 and will be dismissed.

Defendants argue that opening and reading Plaintiff's mail from his attorney without him present also does not violate the First Amendment, and alternatively that they are entitled to qualified immunity because there is no "clearly established" law in the Ninth Circuit supporting such a claim. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001) (officials are entitled to qualified

---

[1] The constitutional source of the right of access to the courts is not settled. *Christopher v. Harbury*, 536 U.S. 403, 413-14 & 415 n.12 (2002). Supreme Court decisions have grounded the right in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. *Id.* (citing cases). In *O'Keefe*, the source of the right was the First Amendment, 82 F.3d at 325, but the Ninth Circuit also has found that it is grounded in the Fourteenth Amendment rights to due process and equal protection, *see Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995).

immunity unless their conduct violates clearly established law of which a reasonable officer would have known); *Brown v. Dep't. of Corr.*, 751 F.3d 983, 990 (9th Cir. 2014) (defendants cannot be held liable for violating right that was not clearly established at time violation occurred).

The Ninth Circuit recently held that the First Amendment prohibits prison officials from opening a prisoner's mail from his attorney outside of the prisoner's presence. *Hayes v. Idaho Dept. Corrections*, No. 14-35078, slip op. at 14, 2017 WL 836072 (9th Cir. Mar. 3, 2017) (agreeing with other circuits). The question, therefore, is whether that law was clearly established when Plaintiff's mail from his attorney was opened in November 2014 and June 2015. The answer is no.

"[A] right is clearly established only if its contours are sufficiently clear that 'a reasonable official would understand that what he is doing violates that right.' In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" <u>Carroll v. Carman</u>, 135 S. Ct. 348, 350 (2014) (citations omitted). A court determining whether a right was clearly established looks to "Supreme Court and Ninth Circuit law existing at the time of the alleged act." *Community House, Inc. v. Bieter*, 623 F.3d 945, 967 (9th Cir. 2010). In November 2014 and June 2015 there were no decisions from the United States Supreme Court or the Ninth Circuit holding that the opening or reading of mail from an attorney to a prisoner in the prisoner's absence violates the prisoner's First Amendment rights. *See Hayes*, slip op. at 8-10 (reviewing Supreme Court precedent, and stating "we have not yet addressed prisoners' First Amendment right to have legal mail opened in their presence").[2] The Ninth Circuit did not resolve the question of whether that violated Plaintiff's First Amendment rights until this month. Although the issue had been resolved in other circuits, *see id* at 10-12, a prison official working within the Ninth Circuit could reasonably think that whether the First Amendment required the inmate's presence when opening mail from the inmate's lawyer was not "beyond debate" because the Ninth

---

[2] In *O'Keefe* the Ninth Circuit did not resolve this issue because the court only assumed a violation of the First Amendment but expressly did not decide the issue. *See* 82 F.3d 325-26; *see also Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1985) (finding inmates' right of access to courts not violated by inspection of mail from inmates to courts; not addressing inspection or reading of mail between inmates and their lawyers); *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981) (finding issue unresolved).

4

Circuit and Supreme Court did not require the inmate's presence either when opening mail from the inmate's attorney or from a court. Because the First Amendment right was not "clearly established" in November 2014 and June 2015, Defendants are entitled qualified immunity on Plaintiff's First Amendment claim.

Qualified immunity extends to the First Amendment claim for damages only, not for declaratory or injunctive relief. *See Hydrick v. Hunter*, 669 F.3d 937, 939-40 (9th Cir. 2012). Therefore, Plaintiff's First Amendment claim for damages will be dismissed, but not the First Amendment claim for injunctive relief.

B. Fourteenth Amendment Claim

Plaintiff also claims that opening mail from his attorney violated his rights under the Fourteenth and Sixth Amendments.[3] (Opp. at 5 (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (addressing prisoners' right of access to courts))). As discussed above, the right of access to the courts has sometimes been found rooted in the Fourteenth Amendment, but whether rooted in the First or Fourteenth Amendments, the law in this Circuit was not clearly established when the alleged conduct occurred here. Therefore, Defendants are entitled to qualified immunity on his claim for damages under the Fourteenth Amendment.

C. Sixth Amendment Claim

The Sixth Amendment right to counsel does prohibit prison officials from opening and reading an inmate's confidential correspondence from his attorney, whether or not the inmate is present. *Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014) (reversing district court's dismissal of the complaint for failure to state a claim after finding complaint stated a cognizable Sixth Amendment claim based on prisoner's allegations that prison officials read his legal mail and his right to private consultation with counsel was chilled); *see also Mangiaracina v. Penzone*, No. 14-15271, slip op. at 12, 2017 WL 836070 (9th Cir. Mar. 3, 2017) (clarifying that "under *Nordstrom*, prisoners have a Sixth Amendment right to be present when legal mail related to a criminal matter

---

[3] Defendants correctly note that the Court's initial review under 28 U.S.C. § 1915 only indicated that the claims were cognizable under the First Amendment. This does not preclude the claims from now proceeding on different but valid legal grounds.

5

1 is inspected."). As *Nordstrom* was decided before the incidents at issue here, this law was clearly established and thus there is no qualified immunity on Plaintiff's claim that Defendants violated the Sixth Amendment by opening and reading his mail from his attorney pertaining to his criminal proceedings.

### D. The "Remoteness" of the Violations

Defendants also argue that Plaintiff's claims against them are not cognizable because his mail was only opened on two "remote" occasions. This argument was rejected in *Hayes*, in which the plaintiff alleged only two instances several months apart of mail from his lawyer being opened outside his presence. Slip Op. at 15-16. The court held that "a plaintiff need not allege a longstanding practice of violating his First Amendment rights in order to state a claim for relief." Slip Op. at 15. Further, in *Nordstrom*, the court held that the single incident of the defendants reading the plaintiff's legal mail, "though isolated, sufficiently alleged a violation of Nordstrom's Sixth Amendment right to counsel." 762 F.3d at 910. Defendants' reliance on *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989), is misplaced. The court did not hold that there is no constitutional violation if the opening of mail happens only rarely; rather, the court held that the act must be intentional because mere negligence is not sufficient for a constitutional violation. *Id.* Here, Plaintiff alleges that Defendants knew about the conduct and failed to stop it from recurring, and that the mail staff knew the mail was from an attorney but opened and read it anyway. These allegations are sufficient, especially when liberally construed, to allege that the unnamed mailroom Defendants intentionally opened and read his correspondence with his attorney outside of his presence, and that the named Defendants allowed this conduct to recur.

### E. Supervisory Liability

Defendants Lile and Davis also argue that Plaintiff has not alleged their personal involvement in the opening and reading of his mail. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). For supervisors, like Lile and Davis, it is not sufficient to simply allege their subordinates violated an inmate's rights because there is no respondeat superior liability under Section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under Section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Plaintiff must also show that the supervisor had the requisite state of mind, which may consist of knowing acquiescence in the subordinates'

unconstitutional actions. *Oregon State University Student Alliance v. Ray*, 699 F.3d 1053, 1071, 1074-75 & n.18 (9th Cir. 2012) (discussing supervisors' differing states of mind required for liability on different types of claims). Here, Plaintiff alleges that he informed Lile and Davis that his letter from his attorney had been opened and read by mailroom staff in November 2014, but they failed to take sufficient action to prevent the recurrence in June 2015. When liberally construed, their failure to take corrective action could be construed as knowingly acquiescing in and failing to prevent recurrence of the violation. In his opposition, Plaintiff asserts that Lile and Davis knew about many other instances in which other inmates have had their mail read by mailroom staff outside of their presence, and he attaches evidence from other inmates to that effect. Such extrinsic evidence cannot be considered at this stage, although it may be relevant in connection with a motion for summary judgment or at trial.

**CONCLUSION**

1. Defendants' motion to dismiss is GRANTED IN PART. Plaintiff's claim that Defendants Lile and Davis violated his Sixth Amendment rights when mail from Plaintiff's lawyer was opened and read outside of Plaintiff's presence is cognizable both for injunctive relief and damages. This claim is also cognizable under the First and Fourteenth Amendments, but only for injunctive relief. Plaintiff's claim for damages under the First and Fourteenth Amendments based upon the opening and reading of mail from his attorney is DISMISSED. Plaintiff's claim that Defendants violated his First, Fourteenth and Sixth Amendment rights when they opened mail to him from the court is DISMISSED.

2. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **91 days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

7

        d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    3. All communications by Plaintiff with the Court must be served on Defendants or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

    4. The stay on discovery is LIFTED. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery. Defendants shall provide Plaintiff with the names of the mailroom staff listed as unnamed Defendants in the complaint and who were involved in the conduct that has been found actionable herein.

    5. Plaintiff may file an amended complaint naming the unnamed defendants. The amended complaint must include the caption and civil case number used in this order (No. C 16-1980 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original complaint by reference. This means that if Plaintiff files an amended complaint and wants to continue to pursue the claims from his original complaint that have been found cognizable in this Order, he must repeat those claims in his amended complaint or they will no longer be a part of this case.

**IT IS SO ORDERED.**

Dated: March 27, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

8

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER A. GEIER,

    Plaintiff,

  v.

RON DAVIS, et al.,

    Defendants.

Case No. 16-cv-01980-JSC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher A. Geier ID: J-82500
San Quentin State Prison
San Quentin, CA 94974

Dated: March 27, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

10