CHRISTOPHER A. GEIER #J-82500

SAN QUENTIN PRISON NS-27-S

SAN QUENTIN, CA. 94974

FILED

MAY 25 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Christopher A. Geier,

    (Plaintiff)

Ron Davis, et al.,

    (Defendants)

Case # 16-cv-1980-JSC

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION

TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

INTRODUCTION

On 10 April 2017 Defendants Davis and Lile waived their right to reply to Plaintiff's complaint.(ECF 28)

Plaintiff requested default judgment against defendants on 17 April 2017.(ECF 29)

On 5 May 2017 Defendants Davis and Lile(Defendants) opposed Plaintiff Christopher Geier's motion for default judgment.(ECF 35)

Defendants council has separated Defendants Davis and Lile from "Unknown mail room employees", in defendants Waiver of Reply motion.

I. DEFAULT JUDGMENT IS PROPER AS DEFENDANTS HAVE

BEEN PROPERLY SERVED AND FAILED TO FILE ANY REPLY

Per Fed.R.Civ.P.*Rule 4 (a)(E) defendants were properly served and warned by notice that a failure to appear and defend will result in a default judgment for the relief demanded in the complaint.

*(Unless otherwise stated all Federal Rules of Civil Procedure will be referenced by Rule number only)

1

Rule 8(b)(6) states," an allegation other than one relating to the amount of damages is admitted if a responsive pleading is required and the allegation is not denied. Council has deliberately named only defendants Davis and Lile in their Waiver of Reply (ECF 28) as required, but has "specifically" left out unnamed mail room employees and as such default judgment is proper.

## II. COUNCIL'S FAILURE TO INCLUDE UNNAMED DEFENDANTS WAVES ANY DEFENSE AGAINST DEFAULT JUDGMENT

Under Federal Rules of Evidence, Judicial Notice Rule 302, In civil actions and proceedings the effect of a presumption respecting a fact which is an element of a claim to which State law supplies the rule of decision is determined in accordance with State law.

California Code of Regulation Title 15 §3141, 3143, 3144 command state employees to open legal mail only in the presence of the inmate.

Council for defendants has not filed a reply for "unknown mail room employees" and as such, defaulted in answering plaintiff's complaint.(Claim II & III)

Furthermore defendants reply to inmate grievances admit unknown mail room employees opened my legal mail outside my presence.(Pl. Claim, Declaration in Supp.#45,46,52,53) "Unnamed mail room employees" are represented by the same council and under Rule 12 (h)(1), a party waves any defense listed in rule 12(b) (2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2) or; (B) failing to either (ii) include it in a **responsive** pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

As council has omitted "unnamed mail room staff" from it's waiver of reply, nor filed a separate reply for them, they are subject to default judgment.

Additionally only Defendants Davis and Lile demand a trial by jury in this case as did plaintiff.(ECF 1, ECF 28 pg.2)

Based on defendants Waiver of Reply and Opposition to Default Judgment, plaintiff can only deduce Defendants Davis and Lile are separating themselves from "unnamed mailroom employees".

### III. THE COURT HAS AUTHORITY TO ENTER A DEFAULT JUDGMENT

Under Rule 58(b)(2)(B) It is proper for the Court to enter a default judgment when a party applies to the court for a default judgment per Rule 54(b)(c) and Rule 55(b)(2). The Court ordered defendants to file a motion for summary judgment or other dispositive motion and Defendants Davis and Lile declared they intend to file such a motion.(ECF 35)

The discretion to enter a default judgment against unnamed San Quentin mailroom employees should include consideration of whether: (1) plaintiff would be penalized because "unnamed mail room employees" who opened and read plaintiff's legal mail cannot be named in a Court Ordered Amended Complaint as directed by the Courts 27 March 2017 order, (2) Defendants Davis and Lile would not be prejudiced by default judgment on subordinates, (3) council for defendants filed a reply specifically for Davis and Lile, who demand a jury trial, (4) the sum of money for violations claimed in plaintiff's complaint can be determined separately from default judgment,(see, Graham v Satkoski, 51 F.3d 710, 713-14 (7th Cir.1995); Kidd v Andrews, 340 F. Supp.2d 333, 338 (W.D.N.Y.2004), (5) No factual dispute exist that plaintiff's legal mail was opened outside his presence, (6) Default Judgments are granted in prison cases [Cameron v Myers 569 F.Supp, 2d 762 (N.D. Ind.2008); Vinning v walls 2009 WL 839052 *1 (S.D. Ill.March 31, 2009)]

(7) Plaintiff has attempted to correct any procedural defaults by requesting the Court Clerk to enter Default Judgment against defendants on 5-22-2017.

## CONCLUSION

Defendants Davis and lile would not be prejudiced if the Court entered a Default Judgment against employees they declared they cannot identify.(Benny v. Pipes 799 F.2d 489, 495 (9th Cir.1986)

The Court ordered defendants to file an answer on 5/27/16 (Document 7 pg.3 #2)

The Court can take judicial notice of Plaintiff's claim which included Inmate grievance CDCR 602 #SQ-15-0523 with attached CDC Form 695, where plaintiff specifically requested who opened my legal mail, and CDCR 602 #SQ-14-2887 (sect.B, I request to know who opened my legal mail).

Defendants Davis and Lile refused to identify or respond to the request of who the employee was that opened my legal correspondence on the day it was done. Defendants Davis and Lile should not be able to rely on willful ignorance now when plaintiff request a Default judgment against their subordinates.

plaintiff respectfully request the Court consider and grant plaintiff's request for Default Judgment against "unnamed mail room employees" based on a failure to reply or file an answer to plaintiff's claim as required by Federal rules of Civil Procedure and the Courts May 27, 2016 order to file a reply, as well as any other relief the court deems proper.

I swear under penalty of perjury that the above is true and correct to the best of my knowledge.

DATED: 5-23-17                    Signed,

4

CHRISTOPHER A. GEIER #J-82500

SAN QUENTIN PRISON NS-27-S

SAN QUENTIN, CA. 94974

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PROOF OF SERVICE                                          CASE# 16-cv-1980-JSC

PLAINTIFF'S REPLY TO DEFENDANTS'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

I swear under penalty of perjury I sent the above named document(s) to the below listed person by placing said documents in a sealed envelope with sufficient postage and mailing said envelope by U.S. Postal Service through establish prison mail procedures on the below listed date.

DATED:   5-23-17                                          Signed,

JENNIFER J NYGAARD

DEPUTY ATTORNEY GENERAL

1515 Clay street 20th Floor

P.O.Box 70550

OAKLAND, CA. 94612-0550